**John J. GIRARD, John E. Taylor, Eugene P. Grossman, Charles E. Kelting, Louis H. Feldhaus, Dudley Alsop, Ronald McKenzie, Wray Hambrick, Jerry Becht, Michael Mannion, Ron Hosfeld, Petitioners,**

v.

**Benjamin GOINS, Sheriff of the City of St. Louis, Respondent.**

Nos. 78–30 C (1)—78–40 C (1).

United States District Court, E. D. Missouri, E. D.

Sept. 25, 1978.

Jerome J. Duff, St. Louis, Mo., for petitioners.

John P. Emde, St. Louis, Mo., for respondent.

---

## MEMORANDUM

MEREDITH, Chief Judge.

This matter is pending on application of some of the petitioners for writ of habeas corpus and for a stay of the order of the Circuit Judge ordering them to report to the Sheriff of St. Louis City to begin serving sentences heretofore imposed.

The history of this case shows that petitioners were all members and officers of Brewery Drivers and Helpers Local Union No. 133 of St. Louis, and as a result of their activities in April of 1976, were found guilty of criminal contempt on June 24, 1976, by the Circuit Court of the City of St. Louis. The Court imposed the following sentences and fines:

|  | CONFINEMENT | FINE |
| --- | --- | --- |
| John J. Girard | 40 days | $10,000 |
| John E. Taylor | 40 days | $10,000 |
| Eugene P. Grossman | 10 days | $ 2,500 |
| Charles E. Kelting | 10 days | $ 2,500 |
| Louis H. Feldhaus | 10 days | $ 2,500 |
| Dudley Alsop | 10 days | $ 2,500 |
| Ronald McKenzie | 30 days | $ 5,000 |
| Wray Hambrick | —— | $ 2,500 |
| Jerry Becht | —— | $ 2,500 |
| Michael Manion | —— | $ 5,000 |
| Ron Hosfeld | —— | $ 2,500 |

Thereafter petitioners sought and were denied habeas corpus relief in the Missouri Court of Appeals, the Supreme Court of Missouri and the United States District Court for the Eastern District of Missouri. The District Court of the Eastern District of Missouri denied relief in an order on January 11, 1978. On appeal to the United States Court of Appeals for the Eighth Circuit, that court held that a sentence of 40 days was not enough to require a jury trial, but coupled with the fines, the Court stated that a fine in excess of $500 may not be imposed without trial. The Court remanded to the District Court with instructions that the Circuit Court of the City of St. Louis either reduce the fines or provide the petitioners with a jury trial. Pursuant to that opinion filed on April 13, 1978, this Court on June 26, 1978, ordered that unless the Circuit Court of the City of St. Louis reduce the fines against the petitioners to an amount not exceeding $500, that a writ of habeas corpus would be issued within 90 days.

On July 18, 1978, the Circuit Court of the City of St. Louis reduced the fine against each petitioner to the sum of $500. That Court further provided that the failure to pay fines, costs and attorney fees shall not be grounds for any additional confinement of any petitioner, pending further action of that Court.

Each petitioner filed a writ of habeas corpus in the St. Louis Court of Appeals raising as a ground for habeas corpus the fact that attorney fees to be later assessed constituted an additional fine and raising the grounds that the Circuit Court of the City of St. Louis was without authority to amend its original order of June 24, 1976, since more than 31 days had lapsed since the day the judgment had become final. The St. Louis Court of Appeals for the State of Missouri denied a writ of habeas corpus. Writs were then filed by each petitioner with the Supreme Court of the State of Missouri raising the same grounds that had been raised in the St. Louis Court of Appeals. These writs were denied.

On September 14, 1978, the petitioners filed a motion to stay their confinement and the request for the issuance of an additional writ of habeas corpus on the grounds that the attorneys fees which may be awarded by the Circuit Court of the City of St. Louis amounted to a fine in excess of $500. In a conference with attorneys for the petitioners and respondent, the respondent agreed to respond on September 15, 1978.

Up to this point none of the petitioners had spent any time in jail. Through the

successful efforts of their attorney they had avoided any jail sentence which had been imposed on June 24, 1976. On September 15, 1978, the Special Prosecutor appointed by the Circuit Court of the City of St. Louis waived his right to any attorney fees and the Circuit Court ordered that none would be assessed. Petitioners' attorney then requested this Court to file an amended motion.

The amended motion was filed on September 18, 1978, raising as the sole grounds that the Circuit Court had no authority to reduce the fines as was done on July 18, 1978, pursuant to the opinion of the United States Court of Appeals for the Eighth Circuit and eliminated the attorney fees which was done on September 15, 1978. A response was filed by the respondent on September 19, 1978, and the parties stipulated as to the record of the previous proceedings in all of the Courts. The attorney for the petitioner advised the Court by letter that petitioners Wray Hambrick, Jerry Becht, Michael Mannion and Ron Hosfeld had paid their fines of $500 and had been discharged.

The Circuit Court of the City of St. Louis ordered petitioners John J. Girard, John E. Taylor, Louis H. Feldhaus and Dudley Alsop to report to the sheriff at 10:00 o'clock on September 18, 1978, to begin serving their sentences. The Circuit Court of the City of St. Louis has deferred such an order as to petitioners Eugene P. Grossman, Charles E. Kelting and Ronald McKenzie in order that the union may continue to carry out its business in an orderly manner. These petitioners will report after the other petitioners have served their sentences.

This Court is of the opinion that all of the requirements set out in the opinion of the United States Court of Appeals for the Eighth Circuit have been met by the State of Missouri.

The effect of the present motion before this Court is to challenge the authority of the United States Court of Appeals for the Eighth Circuit; that they have no legal right to issue such an order and that the Circuit Court of the City of St. Louis has no right to respond to that order. This has been laid to rest by the Supreme Court of the United States in the case of *Taylor v. Hayes*, 418 U.S. 488, 94 S.Ct. 2697, 41 L.Ed.2d 897 (1974), in which that Court stated that a State has a right to reduce a sentence to less than six months and thereby to obviate a jury trial. Accordingly, this Court will order the petitions of each of the petitioners be dismissed.